# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**UNITED STATES OF AMERICA**

**v.**                                          **Criminal No.: 2:03cr103**

                                               **Civil No.: 2:05cv166**

**ROBERT EDWARD PHILLIPS,**

                **Defendant.**

### ORDER AND OPINION

This matter is before the Court on Motion of Robert Edward Phillips ("Petitioner") to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, pursuant to 28 U.S.C. § 2255 ("Petitioner's Motion"), three Motions filed by Petitioner for Leave to Amend his Petition, and the Government's Motion to Correct the Sentence.[1]  Petitioner is proceeding pro se.  Although Petitioner makes thirty-three claims in his § 2255 Petition, supplemental claims, and affidavits, only one claim has merit: that his sentence exceeds the statutory maximum.  Therefore, both Petitioner's Motion and the Government's Motion to Correct the Sentence are **GRANTED** due to an undisputed sentencing error.

---

[1]Also pending before the Court are Petitioner's Motion to Invoke Discovery and Petitioner's two Motions for the Appointment of Counsel.  These Motions will be addressed in turn.  As will be discussed later in this Opinion, the Motion for discovery is moot and the Motions for appointment of counsel are Granted only for the limited purpose of an evidentiary hearing to determine whether Petitioner requested that trial counsel file an appeal on his behalf.

Petitioner's sentence on Count Twenty-Three of the indictment is VACATED and Petitioner is RE-SENTENCED to twenty (20) years, or 240 months, to be served concurrently with the other sentence presently being served by Petitioner.

In addition, an evidentiary hearing must be held to determine whether Petitioner requested that his trial counsel file an appeal on his behalf. Petitioner's Motion for Appointment of Counsel is GRANTED for the limited purpose of this hearing. All other claims are without merit and are DENIED.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 15, 2003, Petitioner pled guilty to two counts of a second Superceding Indictment: Count One charged Petitioner with Conspiracy to Distribute and Possess with Intent to Distribute and Manufacture Marijuana, in violation of 21 U.S.C. § 846; and, Count Twenty-Three charged Petitioner with Conspiracy to Promote and Conceal Marijuana by Laundering Proceeds, in violation of 18 U.S.C. § 1956(h).[2] On December 15, 2003, the Government and Petitioner entered into a written Plea Agreement in which Petitioner agreed to waive his right to file a direct appeal challenging his conviction or sentence imposed within the statutory maximum. Doc. 50. Petitioner's Plea Agreement specified that he faced a statutory maximum term of imprisonment of life on Count One and 20 years on Count Twenty-Three, and the Court reviewed these applicable statutory maximum terms of imprisonment during the Court's Rule 11 colloquy. Prior to his sentencing, the probation officer prepared a Presentence Report, which specified a guideline range of 360 months to life in prison for both Counts One and Twenty-Three. This guideline range exceeded Petitioner's statutory maximum of 20 years—or 240 months—on Count Twenty-Three.

The Court conducted Petitioner's sentencing hearing on March 18, 2004. Petitioner's counsel

---

[2]This Conspiracy involved at least twelve other Defendants who pled guilty and were sentenced before the Court.

made numerous objections to the Presentence Report, and the Court sustained several of them, thereby reducing Petitioner's guideline range to 262-327 months on Count One and 360 months to life on Count Twenty-Three.  Petitioner was sentenced to a term of imprisonment of three hundred (300) months on Count One and three hundred sixty (360) months on Count Twenty-Three, to be served concurrently. Petitioner did not appeal his sentence.

On March 17, 2005, Petitioner filed the instant § 2255 Motion, a Memorandum in Support thereof, and a Motion for the Appointment of Counsel.  Docs. 146-48.  In his Petition, Petitioner set forth fourteen (14) grounds for attacking his sentence, none of which included a claim that his sentence on Count Twenty-Three exceeded the statutory maximum.  On April 1, 2005, Petitioner moved for Leave to Amend his Petition pursuant to Federal Rule of Civil Procedure 15(a), and for an Extension of Time to file such amendment until June 28, 2005.  Doc. 151.  On May 25, 2005, Petitioner filed five (5) additional or supplemental grounds for attacking his sentence ("First Supplemental Grounds").  Doc. 158.  On June 20, 2005, Petitioner filed a second Motion for Leave to Supplement his Petition, wherein he amended Ground 15 from the First Amended Grounds and cites six (6) additional grounds ("Second Supplemental Grounds").  Doc. 159.  On June 23, 2005, Petitioner filed a third and "final" Motion for Leave to Supplement his Petition, wherein he cites five (5) additional grounds for attacking his sentence ("Third Supplemental Grounds").  Doc. 161.

On August 11, 2005, Petitioner filed a Motion for Leave to Invoke Discovery and a Request for the Production of Documents.  Docs. 163, 164.  On August 19, 2005, Petitioner filed a Motion to Stay the Case pending his transfer to another prison facility.  Doc. 165.  On September 12, 2005, the Government responded in opposition to Petitioner's Motions regarding amendment to his Petition and discovery requests.  Docs. 166, 167.  Petitioner filed two replies on October 24, 2005, and November 7, 2005.  Docs. 168, 169.  On April 6, 2006, Petitioner filed a second Motion for the Appointment of

Counsel.  Doc. 175.  On March 10, 2006, the Government filed its Response to the § 2255 Motion and

its Motion to Correct the Sentence.  Docs. 178, 179.  On March 20, 2006, Petitioner filed his reply to the

Government's Motion to Correct the Sentence, and on March 27, 2006, he filed his reply to the

Government's Response to Petitioner's § 2255 Motion.  Docs. 180, 181.

## II. Petitioner's Motions for Leave to Amend the Petition

### A. Standard of Review

Title 28 of the United States Code, § 2255 ¶ 6 prescribes a one-year statute of limitations period

from "when the judgment of conviction becomes final," in which to attack a defendant's sentence or

conviction.  A judgement of conviction becomes final when the time for seeking review of the judgment

expires.  Allen v. Hardy, 478 U.S. 255, 258 (1986) ("By final we mean where the judgment of

conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had

elapsed . . . .").  In a criminal case, a defendant's notice of appeal must be filed in the district court

within ten days after the entry of judgment.  See Fed R. App P. 4(b)(1).  Judgment against the Petitioner

was entered March 18, 2004, so he had until March 28, 2004 to file a notice of appeal.  Petitioner

waived the right to appeal his conviction and any sentence within the statutory maximum in his plea

agreement and, in fact, did not appeal.  Therefore, judgment became final as of March 28, 2004, and he

had until March 28, 2005 to file a § 2255 Motion.  Petitioner filed his § 2255 Motion on March 17,

2005, within the applicable limitations period.

Petitioner, however, also filed three Motions for Leave to Supplement his § 2255 Petition after

March 28, 2005, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, which allows certain

claims to "relate back" to the timely filing date.  "When proposed claims in an amendment are barred by

the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original

pleading under certain circumstances."  United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).

Petitioner's supplemental grounds will relate back if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." FED. R. CIV. P. 15(c)(2).  In Mayle v. Felix, 545 U.S. 644, —, 125 S.Ct. 2562, 2570 (2005), the Supreme Court of the United States rejected an application of "conduct, transaction, or occurrence" to allow relation back of § 2255 claims that related to "trial, conviction, or sentence."  The Court reasoned that if so applied "virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto."  Id.  Thus, supplemental claims will relate back only when they "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."  Mayle, 125 S. Ct. at 2571 (quoting United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999)).

### B. Petitioner's Claims

In his original § 2255 Petition, Petitioner's claims are grouped and set forth as follows:

1. Claims Related to the Lawfulness of Sentence: Petitioner claims that his sentence was unlawful under Booker and that his sentence was based upon improper prior conviction enhancements. Petition Grounds 13 and 14.

2. Claims Relating to the Voluntariness of the Guilty Plea and Plea Agreement: Petitioner claims that (1) his guilty plea was not knowingly and voluntarily entered; (2) the entry of his appellate waiver was also not knowing and voluntary; and (3) he did not understand the charges against him and was not aware of the consequences of his pleading guilty.  Id., Grounds 1 and 3.

3. Claims Related to the Right to Cross-Examine Witnesses: Petitioner claims that his rights under the Sixth Amendment were violated because he was not allowed to cross examine (1) certain witnesses at his grand jury and sentencing proceedings regarding his drug weights; (2) his probation

officer regarding his presentence report; and (3) certain witnesses regarding his forfeiture of property. Id., Grounds 2, 4-8.

     4. Claims of Ineffective Assistance of Counsel[3]: Petitioner claims that his counsel was constitutionally ineffective for (1) failing to protect his rights at his guilty plea proceeding; (2) inducing him to plead guilty by informing him that the Government would seek certain enhancements; (3) failing to advise Petitioner that he faced more than a ten-year sentence if he pled guilty; (4) failing to adequately inform him of the consequences of pleading guilty; (5) failing to cross-examine the probation officer regarding the preparation of the presentence report; (6) failing to challenge enhancements at sentencing under In re Winship as did the attorneys in Apprendi and Blakely; (7) failing to make certain unspecified objections that Petitioner requested counsel to make; (8) failing to object to the use of prior conviction enhancements at his sentencing; (9) failing to file a notice of appeal after being asked to do so on the grounds that the sentence exceeded the statutory maximum as defined Blakely and Booker, and (10) that the Court sentenced Petitioner using improper prior conviction enhancements.  Id., Grounds 1, 3, 9-13.

In Petitioner's First Supplemental Grounds, Petitioner alleges that his counsel was ineffective for (1) failing to challenge the admission of "testimonial" statement made by other who were not available to be cross-examined as witnesses; (2) allowing the "bolstering" of witnesses by the prosecution; (3) failing to properly research the applicable law; (4) failing to object to judicial error for the enhancements applied to Count Twenty-Three; (5) failing to object to the enhancement for a leadership role.  Petitioner also attacked his guilty plea and plea agreement by claiming that his

---

[3]Petitioner's case was handled by two separate attorneys.  Petitioner's first attorney handled his case until after his guilty plea proceeding, when he was substituted with different counsel to handle his sentencing proceeding and to assist him in obtaining a reduction of his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

"Package Deal" plea bargain was coercive and not knowing or voluntary.  First Supplemental Grounds 15-20, at 3.

In Petitioner's Second Supplemental Grounds, he alleges that his counsel was ineffective for (1) allowing the burden of proof to shift to Petitioner; (2) allowing the Court to improperly consider "factual inferences" as relevant conduct; (3) failing to request a downward departure based upon Petitioner's criminal record; (4) failing to request a downward departure based upon a disparity in sentencing of a co-defendant; (5) failing to call to the Court's attention that one of the purposes of the sentencing guidelines is to impose a sentence no greater than necessary; and (5) failing to request the Court issue a downward departure sua sponte.  Second Supplemental Grounds 23-28, at 11-14.  Petitioner also claimed that his sentence was unlawful in that factual inferences outside the statement of facts or indictment were improperly heard by the Court and because the Court allowed the burden of proof to shift to Petitioner.  Id., Grounds 23 and 24, at 11.  In addition, Petitioner amended Ground Fifteen to allege that counsel was ineffective for failing to challenge "statements made by others" and to allow "prior proffered facts" to enhance his sentence.  Id., Ground 15, at 10.

In Petitioner's Third Supplemental Grounds, he alleges that his counsel was ineffective for (1) failing to secure a downward departure at sentencing for substantial assistance pursuant to U.S.S.G. § 5K1.1; (2) failing to secure a reduction in sentence for substantial assistance pursuant to Rule 35; (3) failing to attend certain debriefings and polygraph tests; (4) failing to respond to Petitioner's concerns regarding Petitioner's inability to cooperate with the Government; (5) failing to advise Petitioner on how to obtain a reduction in his sentence after rendering substantial assistance; and (6) using the wrong guidelines manual at sentencing.  Third Supplemental Grounds 29-33, at 2.

## C. Discussion

The Court will grant Petitioner leave to amend his original Petition, only to the extent that

Petitioner's Amended Grounds arise out of the same transaction or occurrence relating to the original grounds cited in the Petition. Pittman, 209 F.3d at 317. The Court has reviewed Petitioner's original and supplemental claims in detail and finds that most do not arise from the same transaction or occurrence. Although many of his supplemental claims relate to the guilty plea and sentencing phases, this similarity alone will not suffice in allowing them to relate back. See Mayle, 125 S. Ct. at 2571. They must relate to the actual content of his original claims. Id.

In this case, the Court FINDS that only the following supplemental claims arise out of the same transaction or occurrence cited in his original Petition. These are claims that (1) his counsel was ineffective for failing to challenge the admission of "testimonial" statements made by others who were not available to be cross-examined as witnesses, which appears to be an elaboration of Petitioner's original claim that his right to confront certain witnesses at sentencing was violated; (2) his counsel was ineffective for failing to object to judicial error for the enhancements applied to Count Twenty-Three and the enhancement for a leadership role, which may elaborate upon Petitioner's original claim that his enhancements were improperly imposed; and (3) Petitioner's plea bargain was coercive and not knowing or voluntary, which is essentially identical to his original claim. The Court thus GRANTS Petitioner's Motion to amend as to the above claims.

Petitioner's other supplemental grounds are additional claims that are wholly unrelated to those originally asserted. Thus, it is clear that, for the most part, Petitioner is not attempting to amend or clarify his original fourteen claims. Rather, he is attempting to bring additional claims before the Court after the one-year limitations period has long since expired. The Court will not permit Petitioner to avoid the one-year time period limitation within which Petitioner is afforded the opportunity to frame and develop his grounds for attacking his sentence. 28 U.S.C. § 2255 ¶ 6. Thus, the Court DENIES Petitioner's Motion to Amend his § 2255 Petition to include all other supplemental

grounds.

### III. STANDARD OF REVIEW REGARDING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors, which would otherwise "inherently result[] in a complete miscarriage of justice." United States v. Addonizio, 422 U.S. 178, 185 (1979). In order to move the Court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255, ¶ 1. In this case, Petitioner predicates his claim on the first ground, claiming that his sentence was imposed in violation of the Constitution or laws of the United States.

### A. Collateral Attack

Petitioner bears the burden of proving grounds for collateral attack by a preponderance of the evidence. Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998); Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965). The Court may decide a § 2255 Motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 ¶ 6; see United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988); Zhan Gao v. United States, 375 F. Supp. 2d 456, 459 n.1 (E.D. Va. 2005).

### B. Procedural Default

Where a petitioner has failed to raise a claim on direct review, the claim may be raised on collateral review only if the petitioner can demonstrate (a) that the claim is more properly raised in a § 2255 than on direct appeal; or (b) that cause exists to excuse the failure to raise the claim and actual prejudice resulted from those errors of which Petitioner complained; or (c) that failure to consider the

claim will result in a fundamental miscarriage of justice.  See Bousley v. United States, 523 U.S. 614, 622 (1988) (citing Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); and Smith v. Murray, 477 U.S. 527, 537 (1986)); see also United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992).  Claims of ineffective assistance of counsel are best raised in a § 2255, unless the record on appeal conclusively shows ineffective assistance. DeFusco, 949 F.2d at 120.

#### IV. Claims Regarding Petitioner's Guilty Plea and Plea Agreement

A guilty plea may be attacked on collateral review only in limited circumstances.  Bousley, 523 U.S. at 621.  According to the Supreme Court of the United States in Mabry v. Johnson, 467 U.S. 504, 508-09 (1984):

> [it] is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.  It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence -- because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange.  It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired.

Thus, Petitioner's attacks regarding his guilty plea and his Plea Agreement will fail unless the Court determines that his guilty plea, and thus the entry of his Plea Agreement, were not intelligently and voluntarily entered.  Federal Rule of Criminal Procedure 11 outlines the procedures that a district court must follow in accepting a guilty plea in order to ensure that the defendant is pleading guilty to an offense intelligently and voluntarily, resulting in the Rule 11 colloquy conducted from the bench. According to the Fourth Circuit in United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005), "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'"  Lemaster, 403 F.3d at 221 (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir.

1975)).

> Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.  Otherwise, a primary virtue of Rule 11 colloquies would be eliminated – "permitting quick disposition of baseless collateral attacks. . . ."

Lemaster, 403 F.3d at 221-22 (quoting Blackledge v. Allison, 431 U.S. 73, 79 n.19 (1977)); see also

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005).

In this case, the Court conducted an extensive Rule 11 colloquy, in which it informed Petitioner

that the purpose of the colloquy, inter alia, was to make certain the he understood the nature and

consequences of pleading guilty and in entered into the Plea Agreement.  Transcript of Guilty Plea

Proceeding, held on December 15, 2003, at 2 [hereinafter "Plea Tr."].  During the colloquy, Petitioner

answered under oath that he understood the nature of the charge and the elements against him.  Plea Tr.

at 5.  The Court further informed the Petitioner that if he thought "it would help [him] better understand

those charges, the Court [would] be glad to read [them] . . . in open court."  Id.  Petitioner responded by

waiving the reading of those charges.  Id.  The Court also read each element of the alleged offenses and

asked Petitioner whether he understood that the Government would have to prove each of those

elements at trial beyond a reasonable doubt, to which he responded that he did.  Id. at 6-8.  The Court

went on to explain the rights that Petitioner was giving up by pleading guilty, including his right to

confront witness at trial and his right to appeal his sentence, and Petitioner acknowledged that he

understood he was giving up those rights.  Id. at 8.

The Court explained the mandatory minimum and possible maximum of his sentence as well as

the applicability of the sentencing guidelines.  Id. at 9-10.  Petitioner further acknowledged under oath

that he had an opportunity to discuss all of the facts of the case and any possible defenses with his

counsel. Id. at 10.  The Court specifically asked Petitioner whether he was satisfied with the representation and assistance of his counsel, and Petitioner answered in the affirmative. Id. at 10.

With respect to his Plea Agreement, Petitioner stated that his attorney had discussed the agreement with him, and that he had read, understood and initialed each page of the Plea Agreement before he signed it. Id. at 13.  The Court specifically drew Petitioner's attention to his agreement that he was giving up his right to appeal any sentence the Court imposes within the statutory maximum, and Petitioner acknowledged that he understood that meant that the Court could theoretically sentence him to more than the guidelines called for up to life in prison. Id. at 13-14.  The Court specifically asked Petitioner whether it was his intention to enter into the Plea Agreement with the Government when he signed it, to which Petitioner responded in the affirmative. Id. at 15.  The Court also gave the Petitioner a second chance to raise any questions as to the content of his Plea Agreement and explained that once the Court accepted the Plea Agreement and Petitioner's guilty plea, the Plea Agreement would become a binding contract upon Petitioner. Id. at 14.  Petitioner acknowledged that he was pleading guilty freely and voluntarily because he was, in fact, guilty of the offenses. Id. at 18-19.  Finally, the Government proffered the factual basis for the offense, which the Petitioner acknowledged, and the Court accepted his plea as knowingly and voluntarily entered. Id. at 19-25.

Petitioner now makes claims that flatly contradict his sworn statements herein outlined. Petitioner's allegation that he was wrongfully induced by the Government and his attorney to plead guilty, that he did not understand the charges against him or the consequences of his pleading guilty, directly contradicts his solemn declarations under oath that he was entering into the plea of guilty freely and voluntarily, that he understood the charges against him, and that he was in fact guilty of the offense. Cf. Lemaster, 403 F.3d at 222.  Petitioner's claim that the entry of his appellate waiver was not voluntary also contradicts his sworn statement that he was entering into the Plea Agreement freely

and voluntarily and that he understood that he was waiving his right appeal any sentence imposed within the statutory maximum.  Cf. id.

In addition, Petitioner's allegations that his counsel was ineffective for failing to protect his rights at his guilty plea proceeding and failing to advise Petitioner that he faced more than a 10-year sentence if he pled guilty also flatly contradicts his sworn statement that he understood that he could receive up to a life sentence and that he was satisfied with the representation of his counsel up to that point in the proceeding.  There are no facts indicating the existence of any "extraordinary circumstances," which could otherwise taint Petitioner's sworn statements made during the Rule 11 colloquy that he was entering into the plea freely and voluntarily.  See id. at 221-22.

For these reasons, the Court DENIES these claims as patently incredible, frivolous, and false. Lemaster, 403 F.3d at 221.

### V. ATTACKS UNDER BOOKER, BLAKELY, APPRENDI, CRAWFORD, AND SHEPARD

Petitioner alleges that his sentence is unconstitutional under Booker and Blakely, and that this violation is the "nexus of the instant motion."  Pl.'s Mem. at 4 (citing United States v. Booker, 543 U.S. 220 (2005);  Blakely v. Washington, 542 U.S. 296 (2004)). He also claims that his sentence is unconstitutional and in violation of the rights or holdings discussed in Apprendi, Crawford, and Shepard.  Id. at 16-19 (citing Apprendi v. New Jersey, 530 U.S. 466 (2000); Crawford v. Washington, 541 U.S. 36 (2004); Shepard v. United States, 544 U.S. 13 (2005)).  Petitioner offers no evidence, nor does he allege specific facts, to support these claims.  Nevertheless, his Apprendi, Blakely, and Booker claims are not cognizable on collateral appeal, and both Crawford and Shepard are inapplicable to Petitioner's claims.

-13-

### A. Booker and Blakely Do Not Apply Retroactively to Cases on Collateral Appeal

Petitioner's Booker and Blakely claims are not cognizable. The Fourth Circuit has held that Booker is not retroactively available to federal prisoners on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Similarly, any relief that Petitioner claims under Blakely does not apply retroactively to Petitioner's collateral attack, which became final on March 24, 2004. See id. Therefore, Petitioner's claims under Booker and Blakely are **DENIED**.

### B. The Government Met Its Burden Under Apprendi

Petitioner's Apprendi claim is similarly untenable. After Apprendi, drug quantities that increase the statutory maximum are considered elements of the offense which must be charged and proven at sentencing. United States v. Stewart, 256 F.3d 231 (4th Cir. 2001). The Government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant should be held accountable at sentencing. United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993) (citing United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990)). The Court observed that the burden can be met several ways, one of which is by the acknowledgment of the defendant during a Rule 11 colloquy. Id. Pursuant to Petitioner's plea of guilt he entered into a Statement of Facts, in which he affirmed that the applicable drug amount that he was involved with in the conspiracy was 1000 kilograms or more. At his guilty plea proceeding, the Government recited its evidence against the Petitioner, including the drug amounts. When questioned by the Court, Petitioner acknowledged the Government's evidence under oath. Thus, Petitioner's Apprendi claim is **DENIED**.

### C. Crawford is Inapplicable to the Facts of Petitioner's Case

Petitioner makes several claims regarding the Sixth Amendment right to confront witness, as enunciated in Crawford v. Washington, 541 U.S. 36 (2004). Petitioner claims that his right to confront

witnesses against him was violated because he was not afforded the opportunity to confront certain unspecified witnesses at his grand jury proceeding.  In addition, he claims that he had a right to confront witnesses at his sentencing, including (1) certain unspecified witnesses regarding his drug weights; (2) his probation officer regarding his presentence report; and (3) certain unspecified witnesses regarding his forfeiture of property.

In Crawford, the Supreme Court held that the right to confront witness applied to hearsay testimony that is "testimonial" in nature.  Id. at 59.  Crawford is factually inapplicable to these claims; therefore, the holding in Crawford does not provide Petitioner any relief.  Furthermore, none of Petitioner's Confrontation Clause claims are cognizable.  The Confrontation Clause of the Sixth Amendment guarantees the right of the accused "to be confronted with the witnesses against him" in all criminal prosecutions.  U.S. Const. amend. VI.  Courts have consistently held that the right of confrontation does not apply in the sentencing context.  Williams v. Oklahoma, 358 U.S. 576, 584 (1959).  Thus, Petitioner's claims that he was not able to confront certain witnesses at sentencing regarding forfeiture or the presentence report are meritless.[4]

Petitioner's claim that he was deprived of the opportunity to confront witnesses at his grand jury proceeding is also unavailing.  Petitioner claims that Crawford's holding applies to prior testimony

---

[4]Further, Crawford may not be retroactively applicable.  Several of our sister district courts within the Fourth Circuit have determined that "Crawford is not a watershed rule" and is therefore not available retroactively on collateral appeal.  Hale v. United States, 2006 WL 1768034 *6 (S.D.W.Va. July 26, 2006); see Pabellon v. O'Brian, 2006 WL 2434968 *1 (W.D.Va. August 22, 2006).  The Sixth and Second Circuits have also determined not to apply the rule announced in Crawford retroactively.  Dorchy v. Jones, 398 F.3d 783, 788 (6th Cir. 2005); Mungo v. Duncan, 393 F.3d 327, 335-36 (2d Cir.2004).  Only the Ninth Circuit has been willing to apply Crawford retroactively on collateral review.  Bockting v. Bayer, 399 F.3d 1010 (9th Cir.2005).  Barring a decision from the Fourth Circuit, the Court should decline to follow the trend against retroactivity; however, this is an important alternative ground upon which to deny Petitioner's claims under Crawford.

at a grand jury; however, Petitioner misunderstands the holding and scope of <u>Crawford</u>.  The Supreme

Court did not announce a new rule of law that a criminal defendant now has a Sixth Amendment right to

be present and confront the witnesses that testify at a grand jury proceeding.  Rather, <u>Crawford</u> dealt

only with the right of a defendant to confront a witness at trial regarding prior grand jury testimony. <u>Id.</u>

at 68 ("Whatever else the term ['testimonial'] covers, it applies at a minimum to prior testimony at a

preliminary hearing, before a grand jury, or at a former trial; and to police interrogations.").  A

defendant has no right to cross-examine witnesses at a grand jury proceeding.  <u>United States v. West</u>,

574 F.2d 1131, 1141 (4th Cir. 1978) ("Grand jury proceedings are ex parte, with no right of

cross-examination.").

Therefore, Petitioner's claims under <u>Crawford</u> are **DENIED**.

### D. Petitioner's Claims under <u>Shepard</u> and the Fair Notice Clause
### of the Fifth Amendment are Unfounded

Other miscellaneous claims cited by Petitioner are as follows: (1) that the Court improperly

sentenced Petitioner using prior conviction enhancements as discussed in <u>Shepard v. United States</u>, 544

U.S. 13 (2005); and, (2) that his sentence was imposed in violation of the Fifth Amendment's fair

notice/grand jury clause.  Petitioner alleges no factual basis for these alleged violations.  Petitioner's

sentence was not imposed using prior conviction enhancements, and there is no factual relationship

between the issues involved in Petitioner's sentence and these alleged violations.  Because a Motion

under § 2255 must be supported by more than mere speculation, these claims do not present factual

issues that require a hearing.  <u>See</u> <u>Sanders v. United States</u>, 373 U.S. 1, 19 (1962); <u>Eaton v. United

States</u>, 384 F.2d 235 (9th Cir. 1967).  Accordingly, these claims are **DENIED**.

VI. Ineffective Assistance of Counsel After Guilty Plea

## A. Standard of Review

To succeed in establishing a claim that his Sixth Amendment right to counsel was violated, Petitioner must show that counsel's failure was so serious that counsel's representation was not within the range of competence demanded of other attorneys, and that but for counsel's deficient representation, there is a reasonable probability that the result would have been different.  Strickland v. Washington, 466 U.S. 668, 686 (1984); Hill v. Lockhart, 474 U.S. 52, 56 (1985).  In order to prove that defense counsel was so deficient so as to warrant reversal of a conviction, a petitioner must satisfy the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).  Petitioner has the burden of showing that his attorney's performance was objectively unreasonable, and because of counsel's errors, Petitioner was prejudiced.

First, Petitioner must show that counsel's performance was deficient.  Id.  To do this, Petitioner must produce evidence that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  Id.  As part of the inquiry, the Court must determine whether counsel's acts or omissions were "outside the wide range of professionally competent assistance."  Id. at 690.  However, there is a presumption that an attorney's performance is adequate, and a Court will not second-guess strategic decisions by counsel.  Id. at 690.

Second, Petitioner must show that the defective representation "prejudiced the [Petitioner]."  Id. at 687.  In order for Petitioner to establish prejudice under the second prong, "the [Petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  The Petitioner must prove both prongs of the Strickland test, but the Court need not examine both elements of the inquiry if the Petitioner fails to

make a proper showing as to one.  Id. at 697.

In making its inquiry into the reasonableness of counsel's representation, the court must be "highly deferential" to the counsel's performance.  Id. at 689.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Id.  The petitioner must overcome the presumption that the counsel's challenged decision  at the time "might be considered sound trial strategy."  Id. (citation omitted).  Because there are infinite ways by which to litigate a given case—"[e]ven the best criminal defense attorneys would not defend a particular client in the same way"—the court will not second-guess a chosen strategy absent unreasonable error.  Id. (citation omitted).

## B. Analysis

Petitioner claims that his counsel was constitutionally ineffective at his sentencing proceeding by 1) failing to object to waiver of right to appeal in Petitioner's allegedly involuntary plea; 2) failing to protect Petitioner from allegedly involuntary plea; 3) failing to cross-examine Petitioner's probation officer; 4) inducing Petitioner to plead guilty; 5) failing to challenge sentencing under Apprendi, Blakely, and In re Winship; 6) failing to advise Petitioner that his sentence could be greater than 10 years if he plead guilty; 7) failing to appeal Petitioner's sentence; 8) failing to object to the alleged use of prior conviction enhancements; 9) failing to challenge the admission of "testimonial" statements made by others who were not available for cross-examination; and, 10) failing to object to enhancement of sentence through factors Petitioner alleges were not proved at trial.[5]  All other claims

---

5

These include Petitioner's grounds for ineffective assistance of counsel in claims number 1 (failure to object to waiver of right to appeal in allegedly involuntary plea), 3 (failure to protect Petitioner from allegedly involuntary plea), 7 (no cross-examination of probation officer), 9 (allegedly induced Petitioner to plead guilty), 10 (failure to challenge sentencing under In re Winship), 11 (failure to advise Petitioner that his sentence could be greater than 10 years if he

are "supplemental" and outside the scope of the original petition; as such, they are not properly before the Court.

Petitioner's claims of ineffective assistance of counsel fail under both prongs of <u>Strickland</u>. First, Petitioner cannot show by a preponderance of the evidence that either of his counsel was objectively deficient.  As a general matter, prior to his sentencing, Petitioner's counsel made numerous written objections, some of which were successful even before the Court heard evidence.  First, his counsel successfully argued that he should receive acceptance of responsibility credit prior to his sentencing hearing and that his Base Offense Level should be reduced based on the drug weight that could be attributed to Petitioner.  At the hearing, his counsel argued several other objections: 1) the gun enhancement; 2) Petitioner's role in the offense as to the money laundering; 3) the guideline enhancement for sophisticated money laundering; and 4) Petitioner's acceptance of responsibility credit. Petitioner's counsel was successful in arguing that the gun enhancement should not be applied.  The Court heard evidence on the role enhancement and ruled that although only four people were involved in the money laundering, it was otherwise extensive and involved several people.  The Court also ruled that the scheme was sophisticated over counsel's vigorous argument.  The Court entered the forfeiture order incident to the terms of Petitioner's plea agreement, to the mandatory sentencing requirements, and incident to agreements of the parties in open court. Pursuant to the plea agreement, the Government moved to dismiss the remaining counts in the indictment.  The Court entered its judgment on March 24, 2004.

Within this context, the Court will address each of Petitioner's claims for ineffective assistance of counsel in turn.

-----

plead guilty), 12 (failure to appeal), 13 (failure to object to prior conviction enhancements), 15 (admission of "testimonial" statements without cross-examination, 18 (failure to object to enhancements).

*1. Failure to Ensure Voluntariness of Petitioner's Plea*

As addressed in Section IV, infra, the record shows that Petitioner acknowledged under oath that the plea entered was voluntary and that he knew the importance of his actions. Petitioner further swore that he was satisfied with his attorney's representation of him and that he had no questions with regard to his attorney's advice or other actions. Accordingly, Petitioner cannot now claim that he was not then satisfied with his counsel's performance during plea negotiations. His claims for ineffective assistance of counsel during plea negotiations and upon entering of the plea are **Denied**.

*2. Failing to Challenge Petitioner's Sentence Under <u>Apprendi</u>, <u>Blakely</u>, and <u>In re Winship</u>*

Petitioner contends that he was denied effective assistance of counsel because his counsel did not make as argument under <u>In re Winship</u> as did the attorneys in the <u>Apprendi</u> and <u>Blakely</u> cases. The Petitioner is essentially asserting that counsel should have made a novel argument that had not been successfully asserted in the context in which Petitioner is asserting it until <u>Blakely</u>, which was decided after Petitioner was sentenced. The law does not require that counsel provide every conceivable argument available within the law; only that counsel in good faith "vigorously advocate the defendant's cause." <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984) (rejecting the imposition of strict guidelines on attorneys' representation in lieu of the general duties of loyalty, advocacy the defendant's cause, bringing "to bear such skill and knowledge as will render the trial a reliable adversarial testing process"). Indeed, tactical decisions made by counsel in the course of litigation need not be perfect; rather, counsel's decisions need only need be "reasonable considering all the circumstances." <u>Id.</u> As noted above, Petitioner's counsel made numerous arguments and objections in serving his client, and his failure to raise one novel argument cannot be construed as constitutionally-deficient representation. Additionally, the argument Petitioner posits here was not applied to his circumstances until <u>Blakely</u>, and as previously noted, this case does not apply to Petitioner

retroactively.  Petitioner's claim is thus **DENIED**.

### 3. Failing to Advise Petitioner that his Sentence Could be Greater Than Ten (10) Years

Petitioner alleges that counsel failed to tell him that he could receive a sentence of greater than ten years for pleading guilty.  This claim directly contradicts Petitioner's sworn statements.  At arraignment on Petitioner's plea of guilty, immediately after the Court apprised Petitioner of the statutory minimum and maximum for Petitioner's offense—10 years to life in prison—Petitioner swore than he had had an opportunity to fully discuss all of the facts of the case with his attorney and that he was satisfied with his representation.  Plea tr. at 10.  Even as the Court explained to Petitioner that the arraignment was his opportunity to raise any questions as to his representation or amend his plea, Petitioner repeatedly swore that he was aware of the importance of his plea and that he was satisfied with counsel.  Id. at 12.  Further, Petitioner's counsel has sworn that she advised Petitioner in writing that he could receive a life sentence depending on application of the enhancements.  Stanton Aff. ¶ 19.  Because Petitioner affirmed in court that he was aware of all the facts of his case, including the possible statutory sentence he could receive, he cannot now claim that he was denied effective assistance of counsel for being unaware of this fact prior to arraignment.  Petitioner's claim is **DENIED**.

### 4. Failing to Object to the Alleged Use of Prior Conviction Enhancements

Petitioner contends that his counsel was ineffective because he failed to object to the use of prior conviction enhancements at sentencing, as well as the alleged use of enhancements that require facts not proved by the Prosecution.

Petitioner first claims that prior convictions were used to enhance Petitioner's sentence, and that his counsel failed to object to these.  As previously discussed under the Court's discussion of Shepard, section V(D), infra, Petitioner has given no support for this allegation.  The record gives no indication that Petitioner's sentence was imposed using prior conviction enhancements.  See

Petitioner's Presentence Investigation Report; Judgment of the Court, March 24, 2004 (Doc. 103). Because Shepard does not apply to the merits of Petitioner's claim, it is similarly of no support to his argument against effectiveness of his representation.

Petitioner further alleges that counsel failed to object to the use of enhancements on the charges for money laundering.  Specifically, in Claim 18, Petitioner alleges that his base offense level should not have been increased by "4" because he was not an organizer or leader of a criminal activity that involved five or more participants.  This fact is important for determining whether the conspiracy was sophisticated for purposes of the enhancements given in the sentencing guidelines.  Over counsel's vigorous objection, the Court determined that though the money laundering conspiracy involved four individuals, the conspiracy was "otherwise extensive," and therefore Petitioner's sentence was enhanced in conformity with the guidelines for sophistication.  Sentencing Transcript (Sent. Tr.) at 27-28.  The record is clear that counsel objected to this enhancement in a manner that did not fall below an objective standard of reasonableness.  Id. at 22-27.  Further, the record also shows that counsel successfully challenged other enhancements, achieving a reduction in Petitioner's sentence.

Accordingly, Petitioner's argument for ineffective assistance of counsel for failing to object to specific enhancements of his sentence is **DENIED**.

### 5. Failing to Ensure Cross-Examination of Witnesses

Petitioner alleges that he was denied effective assistance of counsel when his attorney failed to object to the admission of "testimonial" evidence by individuals not available for cross-examination, and for failing to cross-examine the probation officer who prepared Petitioner's presentence report. These claims fall squarely within Petitioner's other claims under the Confrontation Clause, addressed the Court's discussion of Crawford, Section V(c), infra.  Because Petitioner misapplies Crawford to the present matter because the right to cross-examine does not apply in the sentencing context, this claim

is also of no avail for the Petitioner in his argument for ineffective assistance of counsel. See West, 574 F.2d at 1141. This claim is **DENIED**.

### 6. Failure to Note an Appeal

Petitioner claims that his attorney was ineffective for failing to file a notice of appeal after being asked to do so on the grounds that the sentence exceeded the statutory maximum as defined by Blakely and Booker, and that the Court sentenced Petitioner using improper prior conviction enhancements. Petition at 4. Petitioner claims in a sworn affidavit that he asked his attorney to file an appeal, and that his attorney failed to do so, informing him that he would not appeal. See Petitioner's Affidavit, Pl.'s Mem, Attachment D-1. His counsel swears to the contrary. In his affidavit, trial counsel indicates that he discussed Petitioner's right to appeal with him—both before and after the guilty plea hearing—and that he advised Petitioner of the consequences of waiving his right to appeal. Gov't. Resp. at Aff. p. 2. According to trial counsel, Petitioner did not indicate that he wanted trial counsel to file an appeal on his behalf. Id. Failure to pursue an appeal requested by a defendant constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits. United States v. Peak, 992 F.2d 39 (4th Cir. 1993). This is so even when a petitioner waived his right to file an appeal, because "a waiver of appeal does not prohibit the appeal of . . . a sentence based on . . . proceedings conducted in violation of the Sixth Amendment right to counsel following the entry of the guilty plea." United States v. Martin, 2005 U.S. App. LEXIS 24650, at * 2 (4th Cir. 2005) (citing United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994)).

"Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief." United States v. Witherspoon, 231 F.3d 923, 925-26 (4th Cir. 2000). But "it is within the discretion of the district judge to deny without a hearing Section 2255 motions which state only 'legal conclusions with no supporting factual

allegations.'"  <u>Sanders v. United States</u>, 373 U.S. 1, 19 (1962); <u>Eaton v. United States</u>, 384 F.2d 235

(9th Cir. 1967).   Allegations of "a vague, conclusory or palpably incredible nature" do not raise factual

issues which require a full hearing.  <u>Raines v. United States</u>, 423 F.2d 526, 531 (4th Cir. 1970) (citing

<u>Machibroda v. United States</u>, 368 U.S. 487, 495, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)).  "However,

when a movant presents a colorable Sixth Amendment claim showing disputed facts involving

inconsistencies beyond the record, a hearing is mandated."  <u>See</u> <u>United States v. Magini</u>, 973 F.2d 261,

264 (4th Cir. 1992).

Accordingly, the Court **FINDS** that an evidentiary hearing is necessary solely to determine

whether Petitioner requested that trial counsel file an appeal on his behalf.  Because it finds that an

evidentiary hearing is warranted, the Court **GRANTS** Petitioner's Motion for Appointment of Counsel for

this limited purpose.  <u>See</u> § 2255 R. 8 ("if an evidentiary hearing is warranted a judge must appoint an

attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. §

3006A").  If, after the evidentiary hearing, the Court determines that an appeal was requested but not

filed, the proper remedy will be to allow Petitioner to file an appeal with the United States Court of

Appeals for the Fourth Circuit.  <u>Peak</u>, 992 F.2d at 42.  By so proceeding, Petitioner would be able to

cure the procedural defect of failing to raise Claim 1, his attack on the constitutionality of his sentence.

## VII. PETITIONER'S MOTION TO COMPEL

### REDUCTION OF SENTENCE FOR SUBSTANTIAL ASSISTANCE

On February 6, 2006, Petitioner filed a Motion to Compel a reduction of his sentence pursuant to

Rule 35 of the Federal Rules of Criminal Procedure.  Doc. 175.

A federal district court has the authority to review a prosecutor's decision not to file a FED. R.

CRIM. P. 35(b) [Rule 35] Motion to Reduce Sentence for Substantial Assistance and to grant a remedy

when (1) the prosecutor's discretion to file has been superseded by an agreement on the Government's

behalf to file a Rule 35 or (2) the prosecutor's refusal to file is unconstitutional.  Wade v. United States, 504 U.S. 181, 185 (1992); see also United States v. Snow, 234 F.3d 187, 191 (4th Cir. 2000).  A refusal to file is unconstitutional if the motivation for doing so is improper or otherwise not rationally related to a legitimate government end.  Wade, 504 U.S. at 186.  To trigger a district court's review of a prosecutor's decision, a movant must do more than claim he provided assistance or allege that the Government acted in bad faith: he must make a "substantial threshold showing" of one of the qualifying circumstances.  Id. (observing that a substantial showing is the condition precedent to the right to discovery or an evidentiary hearing).

Turning to the case at bar, Petitioner has failed to make a substantial threshold showing that the Government's reason for declining to file a Rule 35 motion.  According to Petitioner, he provided 50 pages of debriefing, agreed to testify in two murder cases, and assisted the Government in recovering $300,000 in concealed money.  Petitioner alleges that he believed that the Government had promised to move for a Rule 35 reduction in sentence in exchange for those acts of assistance, and that he would not have assisted the Government were it not for this alleged promise.  Petitioner alleges that the Government elected not to file a Rule 35 motion because it believed that Petitioner was not being completely truthful about other hidden assets.  Petitioner claims that he took three polygraph tests and that the examiner indicated that he showed no signs of deception in his responses.  As a result of the assistance he gave, Petitioner claims he was threatened, transferred to a different prison facility, and spent six months in the "hole" because his life was in jeopardy.  In addition, Petitioner attached a letter written from the Assistant United States Attorney assigned to the case to Petitioner's counsel, apparently responding to defense counsel's urging that the Government consider filing a Rule 35 Motion.  In the letter, the AUSA acknowledges that Petitioner gave information that led to the recovery of $300,000 in assets, but explained that further information needs to be corroborated before the

Government would consider Petitioner's assistance substantial.  The AUSA concluded the letter by underscoring that the Government has reserved its right to file a Rule 35 motion if and when it is able to substantiate the information provided by Petitioner.

However, Petitioner has not alleged any improper motive on the part of the Government for not filing a Rule 35 motion, nor is there any fact in the record that would call into questions the Government's decision not to do so.  Doc. 61.  Petitioner contends that he told his attorney, Jennifer Stanton, that he had information about a trailer with over 1 million in cash, and another with 7 million in marijuana.  Petitioner claims that "[u]pon telling her this, she informed [him that] she was going on vacation and would convey this to the government upon her return in 2 weeks.  Because of this delay, [other codefendants informed the government of] both the cash and marijuana," prohibiting Petitioner from getting credit for his substantial assistance on this matter.  Aff. at ¶ 2.  He also states that Thomas was ineffective for failing to adequately inform him what he needed to do to be eligible for substantial assistance credit.  However, this claim is refuted by Petitioner's own sworn affidavit, in which he states that Thomas told Petitioner that Petitioner would have to "tell them everything in [his] recollection, as well as [] surrender all assets."  Id. at ¶ 6.  Additionally, Petitioner's Plea Agreement states in two separate paragraphs that the decision whether to file a Rule 35 motion rests solely with the Government, and in Petitioner acknowledged under oath that he has read and understood this provision in his Rule 11 colloquy.

Thus, Petitioner's Motion to Compel the Government to move for a reduction of his sentence pursuant to Rule 35 is **Denied**.

## VIII.  Sentence Exceeding Statutory Maximum

In Plaintiff's Plea Agreement, and in the Rule 11 colloquy conducted by the Court, Petitioner did not raise the length of his sentence as a ground for relief in his Petition.  However, in his

Memorandum in Support of the Petition (but not stated as a grounds for claim), Petitioner argues that his 30-year sentence on Count Twenty-Three (23) exceeded the statutory maximum of 20 years.  The Government conceded that Petitioner's sentence exceeded the statutory maximum and independently filed a Motion to Correct the Sentence and a Memorandum in Support thereof.  Government's Motion to Correct the Sentence (March 10, 2006).  Section 2255 is designed to correct precisely this type of mistake.       In order to correct the error under the provisions of § 2255, the Court has the authority to "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255. As it clearly appears that Petitioner's sentence on Count Twenty-Three (23) exceeded the statutory maximum, the Court VACATES the Petitioner's sentence on Count Twenty-Three (23) and RE-SENTENCES Petitioner to the 240 month maximum, to run concurrent with the Petitioner's sentence on Count One of 300 months.[6] The Court thus GRANTS Petitioner's Motion on this ground alone.

IX. MISCELLANEOUS MOTIONS

**A.  Petitioner's Motion to Invoke Discovery**

In Petitioner's Motion to Invoke Discovery pursuant to Rule 6 of the rules governing § 2255 proceedings.  "A habeas petitioner, unlike usual civil litigant in federal court, is not entitled to discovery as matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Rule 6 provides that leave of court is required to invoke discovery in a § 2255 proceeding, and may be granted for "good cause." Rules Governing § 2254 Cases, Rule 6(a).  Petitioner bears the burden of demonstrating good cause and must allege some material fact to trigger the Court's discretion to grant leave for

---

[6]This option is consented to by both parties. See Government's Motion to Correct Sentence at 8 (citing FED. R. CRIM. P. 43(b)(4) and U.S.C. 3582(c)(1)(B)); Petitioner's Reply at 1.

discovery.  See Bracy, 520 U.S. at 908-09.

Concomitantly with the Motion to Invoke Discovery, Petitioner filed his "first" request for documents.  Petitioner requests the following: (1) all documents pertaining to debriefings of Petitioner and co-defendants; (2) all polygraph examination; (3) all communications between the United States Attorney's Office and Petitioner's counsel concerning a plea bargain; (4) all documents of Petitioner's attorney, Stanton, regarding the two murder cases in which Petitioner assisted prosecution; (5) all documents from detectives in the two murder cases where Petitioner provided assistance; (6) United States Attorney interoffice documents on whether Petitioner met the requirements of "substantial assistance" sufficient for a motion for downward departure; (7) all documents of Petitioner's attorney, Stanton, regarding two trailers—one containing $1 million in cash, the other containing $7 million in marijuana—about which Petitioner alleges he told his attorney, but she failed to report to police until much later; (8) all documents related to the cooperation of Petitioner's son, Matt Phillips, on the Petitioner's case and other recoveries made as a result of his cooperation; (9) all communications between the probation officer who drafted Petitioner's presentence report and the United States Attorney with regard to that report; (10) all documents of the United States Attorney that state why and where he believed Petitioner held additional assets related to the case against him; (11) all documents from the Bureau of Prisons concerning the placements of Petitioner in protective custody in the FCI Victorville SHU; (12) all documents related to the leaking of prejudicial information from the United States Attorney's office during the course of plea negotiations; (13) all documents related to the United States Attorney's decision not to file a Rule 35 motion; and, (14) all documents related to the United States Attorney's decision not to file a § 5K1.1 motion.

Because all but one of Petitioner's claims lack merit, discovery is not necessary to determine the

validity of his claims.  Where an evidentiary hearing is required to determined whether Petitioner

requested an appeal, none of the above-listed requests appears to be relevant to this proceeding.  Further,

where Petitioner's claim is meritorious—that is, where it is required that the Court reduce his sentence

due to an error at his sentencing—this can be achieved on the information presently before the Court

alone.  Petitioner's Request does not specify any information that would aid in presentation of his case

should the Court require a hearing.  Therefore, Petitioner's fourteen (14) requests for production of

evidence are **DENIED**.

### B.  Motion to Appoint Counsel

The only issues remaining before the Court are the conflicting affidavits regarding whether

Petitioner asked his counsel to file a notice of appeal, and whether the Court should modify his sentence

on Count Twenty-Three to the maximum of 20 years, or if the Court should hold a hearing to determine

how to appropriately correct his sentence.  Thus, Petitioner's Motion for the Appointment of Counsel is

**GRANTED** for the limited purpose of representing him at an evidentiary hearing on the appeal issue

and/or a hearing on the sentencing issue.

### X. CONCLUSION

The Court **GRANTS** Petitioner's Motions for Leave to Supplement Defendant's 28 U.S.C. § 2255

Motion only as to Grounds 15, 18, and 20, insofar as these claims arise out of the same transaction or

occurrence cited in the original Petition.

The Court **GRANTS** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28

U.S.C. § 2255 as to his unnumbered claim that his sentence exceeds the statutory maximum, and

**GRANTS** the Government's Motion to Correct the Sentence.  The Court hereby **VACATES** the

Petitioner's sentence on Count Twenty-Three (23) and **RE-SENTENCES** Petitioner to the 240 month

maximum, to run concurrent with the Petitioner's sentence on Count One of 300 months.  This will

result in a reduced overall sentence of 300 months, rather than 360 months as previously ordered.

The Court **FINDS** that an evidentiary hearing is necessary solely to determine whether Petitioner requested that trial counsel file an appeal on his behalf.  Because it finds that an evidentiary hearing is warranted, the Court **GRANTS** Petitioner's Motion for Appointment of Counsel for this limited purpose.  After counsel has been appointed for Petitioner, the Court **REQUESTS** that the parties contact the Deputy Clerk, Elva Evans, to schedule a hearing.  Ms. Evans may be reached at (757) 222-7228.

All other claims are **DENIED**.  These include: (1) Petitioner's Motion to Compel the Government to move for a reduction of his sentence pursuant to Rule 35; and, (2) all other claims in his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and related supplemental memoranda.

It is so **ORDERED**.

                                                    _/s/_
                                      HENRY COKE MORGAN, JR.
                             UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia
September 18, 2006