## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**UNITED STATES OF AMERICA**

**v.**                                              **Criminal No.: 2:03cr103**
                                                    **Civil No.: 2:05cv166**

**ROBERT EDWARD PHILLIPS,**

                    **Petitioner.**

### OPINION AND ORDER

The present matter is before the Court following an evidentiary hearing on pro se Petitioner Robert Edward Phillips' ("Petitioner") allegation that his attorney at sentencing, Martin A. Thomas ("Mr. Thomas"), failed to notice an appeal as requested.

In its September 21, 2006 Opinion and Order, the Court addressed the merits of the numerous claims contained in Petitioner's Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). Doc. 185. In that Opinion and Order, the Court found that Petitioner had presented "a colorable Sixth Amendment claim showing disputed facts involving inconsistencies beyond the record," because Petitioner and his attorney both presented sworn affidavits that directly conflicted on the issue; accordingly, an evidentiary hearing was necessary to determine whether Petitioner had requested that counsel notice an appeal, as alleged. Id.;

Doc. 148, Ex. D-1 ¶4 (Petitioner's Aff.); Doc. 155, Aff. of Martin A. Thomas, ¶ 22.

The Court appointed counsel for Petitioner and conducted an evidentiary hearing on this matter on March 2, 2007, and ruled from the bench.  The Court held that because Petitioner's statements in his affidavit and at the hearing were contradictory, the affidavit of Petitioner's trial counsel was more credible and entitled to greater weight.  Accordingly, the Court **FOUND** that neither Petitioner nor his family timely requested that counsel notice an appeal.  Petitioner's claim that his sentence be vacated or corrected for ineffective assistance of counsel for failure to notice an appeal is thus **DENIED** and his petition is **DENIED**.

## I. Factual Background and Procedural History[1]

On December 15, 2003, Petitioner pled guilty to two (2) counts of a second Superceding Indictment: Count One (1) charged Petitioner with Conspiracy to Distribute and Possess with Intent to Distribute and Manufacture Marijuana, in violation of 21 U.S.C. § 846; and, Count Twenty-Three (23) charged Petitioner with Conspiracy to Promote and Conceal Marijuana by Laundering Proceeds, in violation of 18 U.S.C. § 1956(h).[2]  On December 15, 2003, the Government and Petitioner entered into a written Plea Agreement in which Petitioner agreed to waive his right to file a direct appeal challenging his conviction or a sentence imposed within the statutory maximum.  Doc. 50.

The Court conducted Petitioner's sentencing hearing on March 18, 2004.  Petitioner's counsel made numerous objections to the Presentence Investigation Report ("PSR"), and the Court sustained several of them, thereby reducing Petitioner's guideline range to 262-327 months on Count One and

---

[1]This procedural history does not reflect the complete procedural history as to Defendant, but only those proceedings relevant to the present motion.

[2]These Conspiracies involved at least twelve (12) other Defendants who pled guilty and were sentenced before the Court.

360 months to life on Count Twenty-Three.  See Docs. 103, 140.  Petitioner was sentenced to a term of imprisonment of three hundred (300) months on Count One and three hundred sixty (360) months on Count Twenty-Three, to be served concurrently.  Doc. 103.  Petitioner did not appeal his sentence.

Transcripts of the Petitioner's plea hearing and sentencing hearing show that Petitioner affirmed that he knowingly and willingly entered his plea, including the waiver of his right to direct appeal, and that his counsel discussed the importance of this waiver with him.  Doc. 140 at 41 (confirming that Petitioner waived his right to appeal and that he gave counsel no instructions to the contrary); Doc. 157 at 8, 13-15 (Petitioner affirmed that he was waiving his right to appeal, that he had discussed the consequences with his attorney, and that he understood the ramifications of what he was doing).

Petitioner filed his initial petition pursuant to 28 U.S.C. § 2255 on March 17, 2005.  Doc. 146. Through that petition and numerous supplemental documents, Petitioner ultimately made thirty-three (33) claims for vacating his sentence.  Docs. 146, 148, 151, 158-61, 169, 170, 180-81.  The Court found thirty-one (31) of Petitioner's claims to be without merit.  Doc. 185.  However, pursuant to the United States' Motion to Correct Sentence, the Court granted Petitioner's Motion as to his unnumbered claim that his sentence exceeded the statutory maximum, and thus vacated Petitioner's sentence on Count Twenty-Three (23) and re-sentenced Petitioner to the 240 month maximum, to run concurrent with the Petitioner's sentence on Count One of 300 months.  Id. at 27.

In its September 21, 2006 Opinion and Order, the Court further found that an evidentiary hearing was necessary to determine whether Petitioner had been denied effective assistance of counsel when Petitioner's counsel at sentencing allegedly failed to notice an appeal after Petitioner requested he do so.  Id. at 23-24.  Petitioner claims that his attorney was ineffective for failing to file a notice of appeal on the grounds that the sentence exceeded the statutory maximum as defined by Blakely and Booker, and that the Court sentenced Petitioner using improper prior conviction enhancements.  Doc.

-3-

146 at 4.  Petitioner claims in a sworn affidavit that he asked his attorney to file an appeal, and that his attorney failed to do so, informing him that he would not appeal.  See Doc. 148, Ex. D-1.

Petitioner's counsel at his sentencing hearing, Martin A. Thomas, swears to the contrary.  In his affidavit, counsel indicates that he discussed Petitioner's right to appeal with him—both before and after the sentencing hearing—and that he advised Petitioner of the consequences of waiving his right to appeal.  Doc. 178, Martin Aff. p. 2.  According to Mr. Thomas, Petitioner did not request that he file an appeal on his behalf.  Id.

An evidentiary hearing was held on March 2, 2007, at which Petitioner, Petitioner's son, and Mr. Thomas testified.  Petitioner testified that he asked Mr. Thomas to notice an appeal at a meeting held in the lock-up immediately after Petitioner was sentenced.  Petitioner testified that at that time Mr. Thomas told him "he would look into it."  Petitioner's only further mention of appeal within the ten (10) day period was with his son, and he did not mention his desire to appeal in any later discussions with counsel or with the Assistant United States Attorney ("AUSA") during debriefings.

Petitioner's son, Matthew Phillips, testified that his father asked him to contact Mr. Thomas within a few days of sentencing.  After several attempts, Matthew Phillips testified that he was finally able to reach Mr. Thomas on the phone, and that Mr. Thomas told him that he did not file an appeal because Petitioner had waived his right to appeal in the Plea Agreement.  Matthew Phillips testified that he related this information to his father, and that he had no other discussions with Mr. Thomas regarding appeal.

Mr. Thomas testified that neither Petitioner nor his son ever discussed Petitioner's desire to notice an appeal.  Though Mr. Thomas was shown at the hearing to keep meticulous notes of his meetings—specifically, he made notes of each meeting and phone call with Petitioner prior to sentencing, as well as later meetings with Drug Enforcement agents after sentencing—he had no note of

-4-

Petitioner's request to notice an appeal, nor did he have any note or remembrance of such a request being made by Matthew Phillips.

## II. STANDARD OF REVIEW: FAILURE TO NOTICE AN APPEAL

Failure to pursue an appeal requested by a defendant constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits. United States v. Peak, 992 F.2d 39 (4th Cir. 1993). This is so even when a petitioner waived his right to file an appeal, because "a waiver of appeal does not prohibit the appeal of . . . a sentence based on . . . proceedings conducted in violation of the Sixth Amendment right to counsel following the entry of the guilty plea." United States v. Martin, 2005 U.S. App. LEXIS 24650, at * 2 (4th Cir. 2005) (citing United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994)).

## III. ANALYSIS

Both counsel for Petitioner and for the United States correctly note that the present issue is essentially one of credibility. Accordingly, it is the role of this Court to look at the evidence before it and determine which is the more credible party: Petitioner, or Mr. Thomas.

The testimony at the evidentiary hearing clearly established that there is no documentary evidence that Petitioner asked Mr. Thomas to notice an appeal. In support of his client's credibility, Petitioner's counsel could only rely on the alleged truism that a defendant is more likely to remember requesting a notice of appeal than is his busy attorney. While the Court finds this argument persuasive as a general matter, the Court does not find it persuasive in the context of this case.

Specifically, the Court finds that Mr. Thomas's habit of taking detailed notes of his meetings and phone calls with Petitioner is entitled to great weight. Mr. Thomas has no notation of Petitioner's or his son's request to notice an appeal. Accordingly, there is no documentary evidence that Petitioner

asked Mr. Thomas to notice an appeal.  The last recorded discussion of Petitioner's waiver of direct appeal occurred in this Court minutes before Mr. Thomas met with Petitioner in the lock-up.  Under such circumstances, the Court **FINDS** it is unlikely that Mr. Thomas would not note or recall a request to appeal.

Most persuasively, the Court finds that the Petitioner has proven unreliable by virtue of the conflicting statements made at the hearing versus his affidavit submitted to the Court with his 2255 Motion.  In Petitioner's affidavit, dated March 15, 2005, Petitioner stated: "My lawyer told me that I should not worry about what goes on at my plea and sentencing hearings and that I should just agree to everything as ultimately I would only receive a sentence in the 10-year range."  Doc. 148, Ex. D-1 ¶ 3.  The Court viewed this statement as highly improbable as both Petitioner's court appointed attorney at the plea hearing and retained attorney at the sentencing hearing were experienced in criminal defense and unlikely to make such a statement.  Accordingly, the Court questioned Petitioner at the evidentiary hearing, and he testified that though he discussed with his attorneys what his sentence might be, neither his attorney at the plea stage, nor Mr. Thomas at the time of his sentencing, stated that he would receive ten (10) years.

Petitioner next stated in his affidavit that "[i]mmediately after sentencing I met with my lawyer and asked him to appeal the shockingly long sentence I had just received.  I was still, at that point, under the belief that I would be sentenced in the 10-year range . . . ."  Id. ¶ 4.  The Court also viewed this statement with skepticism as the PSR, which the Petitioner reviewed with counsel, suggested a Guideline sentence of life imprisonment.  PSR at 44.  This statement was also contradicted by Petitioner's hearing testimony that, at the time of sentencing, he anticipated a sentence of fifteen (15) or twenty (20) years.  Upon questioning by the Court, Petitioner stated that once the PSR was submitted he saw "that—if that's the way it is going to go down—[he was] going to get more time."  Petitioner

-6-

further clarified that his attorney never suggested that he would get a fifteen (15) or twenty (20) year sentence.

Also in paragraph four (4) of his affidavit, Petitioner contended that upon asking his sentencing counsel to appeal, "[Mr. Thomas] first said he couldn't appeal, for unstated reason(s), then said he would **NOT** appeal." Doc. 148, Ex. D-1 ¶ 4 (emphasis in original).  At the evidentiary hearing, however, Petitioner was asked by his trial counsel about the circumstances of his request for appeal. Petitioner testified that, near the end of the discussion he had with Mr. Thomas immediately following the sentencing hearing, he requested that Mr. Thomas file a notice of appeal and Mr. Thomas's response was not yes or no, but that "he would look into it."  Therefore, according to Petitioner's testimony, Mr. Thomas did not say he could not or would not appeal, as stated in his affidavit; but that he would look into it.

Finally, in paragraph five (5) of Petitioner's affidavit, he states: "My family, on my behalf, called and pled with my lawyer to appeal the virtual life sentence.  He refused them, too." Id. ¶ 5. Once again, this statement does not bear scrutiny against Matthew Phillips' testimony at the evidentiary hearing.  Petitioner's son, Matthew Phillips, testified that his call was not a request to appeal, but "was more to check on the status of his appeal or to see if Martin Thomas had appealed."  Further, Matthew Phillips testified that when he did speak with Mr. Thomas on the phone, "Mr. Thomas said that because my father had signed the plea agreement, basically he had waived his right to appeal and that there would be basically no point in actually going forward with the appeal."  Petitioner's sworn statement in his affidavit and his son's testimony at the evidentiary hearing are thus inconsistent, as the affidavit exaggerates the import to be attributed his family's role and the curtness of the response given by Mr. Thomas.

Accordingly, the testimony presented at the hearing conflicted with the statements made in

Petitioner's affidavit.  In light of the fact that there is no credible evidence that Petitioner requested that his counsel notice an appeal, and that the other evidence is consistent with Mr. Thomas's affidavit, the Court's determination of credibility must weigh in favor of Petitioner's counsel at sentencing.  The Court therefore **FINDS** that Petitioner did not timely request that Mr. Thomas file a notice of appeal.

### IV. CONCLUSION

For the reasons stated herein, the Court **FINDS** that neither Petitioner nor any member of his family timely requested that his sentencing counsel notice an appeal.  Accordingly, Petitioner's claim that he was denied effective assistance of counsel because his attorney allegedly did not file a notice of appeal after Petitioner requested that he do so, is **DENIED**.  All thirty-three (33) of Petitioner's claims in his 2255 Motion having been addressed, the petition is **DENIED**.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Petitioner, his hearing counsel, his sentencing counsel, and counsel of record for the United States.

Petitioner is **ADVISED** that he may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

It is so **ORDERED**.

                                    /s/
                    _____
                    HENRY COKE MORGAN, JR.
                    SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 8, 2007